IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLABS, INC., <br> 1515 Market Street, Suite 1110 <br> Philadelphia, Pennsylvania 19102-1905 <br><br> Plaintiff, <br><br> v. <br><br> VOCALOCITY, INC. <br> (fka Vocalocity, LLC, <br> fka ZivVa Holdings, LLC) <br> 600 Virginia Avenue, First Floor, <br> Atlanta, Georgia 30306 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Action No.  08-39 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff, AppLabs, Inc., brings this action against defendant Vocalocity, Inc., and complains and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement and unjust enrichment arising from defendant's unauthorized use, reproduction and distribution of a copyrighted software program, developed and owned by plaintiff, which is used for testing software during development.

## THE PARTIES

2.   Plaintiff, AppLabs, Inc., is a Delaware corporation, with a principal place of business at 1515 Market Street, Suite 1110, Philadelphia, Pennsylvania 19102-1905. AppLabs is in the business of providing custom software development and testing for its customers.

3.   Defendant, Vocalocity, Inc. is a Delaware corporation, with a principal place of business at 600 Virginia Avenue, First Floor, Atlanta, Georgia 30306. Vocalocity, Inc. was formerly known as ZivVa Holdings, LLC. ZivVa Holdings became Vocalocity, LLC through a certificate of amendment filed with the Secretary of State of Georgia on July 3, 2007, and then, on October 10, 2007, Vocalocity LLC converted itself to a Delaware corporation, Vocalocity, Inc. For the sake of clarity, we will refer to these entities collectively as "ZivVa" for the remainder of this Complaint.

## JURISDICTION AND VENUE

4.   This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*.

5.   The Court has jurisdiction over this action by virtue of Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the Copyright Act. This Court also has supplemental jurisdiction over the claim under state law brought herein pursuant to Section 1367 of the Judicial Code, 28 U.S.C. § 1367, because it

shares a common nucleus of operative fact with, and forms part of the same case or controversy as, the claim herein arising under the Copyright Act.

6. Venue is proper in this district under Sections 1391 and 1400 of the Judicial Code, 28 U.S.C. §§ 1391, 1400.

## BACKGROUND

7. AppLabs is a global information technology services company, specializing in software development and testing services.

### APPLABS DEVELOPS SOFTWARE FOR VOCALOCITY'S USE

8. In February 2004, AppLabs entered into a professional services agreement with Vocalocity, a Georgia corporation (this Vocalocity is *not* a successor entity to ZivVa, the defendant in this case). We will refer to this corporation as "Vocalocity" for the remainder of this complaint.

9. Under the terms of the professional services agreement, AppLabs agreed to provide software consulting services to Vocalocity in the form of software testing and software development services according to the terms of various "Statement of Work" agreements with Vocalocity.

10. Pursuant to its agreements with Vocalocity, AppLabs developed a piece of testing software, referred to as "C++ Unit Test Software," to assist Vocalocity with its product development.

11. Although AppLabs provided the C++ Unit Test Software to Vocalocity in accordance with the companies' agreements, Vocalocity never paid AppLabs for the software.

### ZivVa Acquires AppLabs' Software

12. Under the terms of an Asset Purchase Agreement dated June 26, 2006, ZivVa acquired most of Vocalocity's assets, including the C++ Unit Test software AppLabs developed for Vocalocity.

13. A schedule to the Asset Purchase Agreement describing the technology assets Vocalocity sold to ZivVa specifically lists the C++ Unit Test software and characterizes it as a "major component[]" of one of technology assets ZivVa acquired.

### COUNT I
### COPYRIGHT INFRINGEMENT

14. AppLabs repeats and realleges each of the allegations set forth above in Paragraphs 1 through 13, as if fully set forth herein.

15. The C++ Unit Test software that AppLabs developed during the course of its work for Vocalocity is an original work of authorship and constitutes copyrightable subject matter under Section 102 of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act").

16. AppLabs has complied in all respects with the Copyright Act, and has secured the rights and privileges to the copyright in its software.

17. The Register of Copyrights duly issued a certificate of registration for this copyright as "C++ Unit Test Software," registration number TXu1-339-594, with an effective date of registration of March 26, 2007.

18. AppLabs is the sole owner of all right, title and interest to all rights under copyright in the C++ Unit Test software via assignment agreement. As copyright owner, AppLabs has the sole and exclusive right to, among other things, reproduce and publicly distribute the software.

19. Upon information and belief, ZivVa has used and is continuing to use and reproduce the C++ Unit Test software. ZivVa does not have AppLabs' authorization, permission, or consent to use or reproduce the software. ZivVa's use of the C++ Unit Test software constitutes an infringement of the exclusive rights owned by AppLabs under copyright in and to the C++ Unit Test software.

20. AppLabs demanded that ZivVa cease and desist its infringement of AppLabs' rights on or about May 8, 2007, and again on or about July 24, 2007. Upon information and belief, ZivVa has not stopped its infringing activity, therefore the infringement by ZivVa of the foregoing rights under copyright owned by AppLabs is willful.

21. Unless and until ZivVa is immediately restrained and enjoined from continuing to use the C++ Unit Test software, it will continue to infringe the rights under copyright owned by AppLabs and will inflict substantial harm on AppLabs.

22. AppLabs is suffering and continues to suffer substantial harm from the above infringing acts of ZivVa.

## COUNT II
### Unjust Enrichment

23. AppLabs repeats and alleges each of the allegations set forth above in Paragraphs 1 through 22, as if fully set forth herein.

24. In developing the C++ Unit Test software, AppLabs provided a benefit to Vocalocity, and, upon ZivVa's acquisition of Vocalocity's assets, to ZivVa.

25. ZivVa accepted the benefit of AppLabs' work by acquiring Vocalocity's assets, including the C++ Unit Test software. According to the agreement by which ZivVa purchased the C++ Unit Test software, it is a "major component" of one of the technology assets ZivVa acquired.

26. It would be inequitable for ZivVa to retain the benefit of the C++ Unit Test software without compensating AppLabs for developing the software because AppLabs has never been paid for this work.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, AppLabs, Inc., respectfully requests that this Court enter judgment against defendant Vocalocity, Inc. and prays for relief as follows:

As to Count I:

1. Declare that defendant has infringed AppLabs, Inc.'s exclusive rights conferred by the Copyright Act by using and reproducing C++ Unit Test software.

2. Issue a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, prohibiting defendant, its officers, employees, agents, servants, successors and assigns, and all persons acting on or for its behalf, from marketing, distributing, advertising, promoting, licensing, offering for sale, or otherwise commercially exploiting the C++ Unit Test software, or any other product or service that incorporates the C++ Unit Test software.

3. Award to AppLabs, Inc., under the authority of 17 U.S.C. § 504, such damages as AppLabs, Inc. has sustained and is sustaining by reason of defendant's infringement of the rights under copyright owned by AppLabs, Inc.

4. Award to AppLabs, Inc., under the authority of 17 U.S.C. § 504, all gains, profits or other advantages derived by defendant from its infringement of the rights under copyright owned by AppLabs, Inc.

5. Award to AppLabs, Inc., under the authority of 17 U.S.C. § 505, the full costs of this action and reasonable attorneys' fees.

6. Order such other and further relief as the Court deems just and proper.

As To Count II:

7.  Award to AppLabs, Inc. such damages it has sustained as a result of defendant's unjust enrichment through defendant's unauthorized possession and use of the C++ Unit Test software.

8.  Award to AppLabs, Inc. the full costs of this action and reasonable attorneys' fees.

9.  Order such other and further relief as the Court deems just and proper.

Dated: January 18, 2008

Michael J. Barrie (# 4684)
mbarrie@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 1001
Wilmington, Delaware 19801-3011
(302) 888-4554

*Attorneys for Plaintiff,*
*AppLabs, Inc.*

OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS LLP

John K. Gisleson
jgisleson@schnader.com
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, Pennsylvania 15222-3001
(412) 577-5200

Thomas W. Hazlett
thazlett@schnader.com
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2345

**⅏JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
APPLABS, INC.

**DEFENDANTS**
VOCALOCITY, INC.

(b) County of Residence of First Listed Plaintiff  **Philadelphia**
   (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Kent**
   (IN U.S. PLAINTIFF CASES ONLY)
   NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Schnader Harrison Segal & Lewis LLP
824 North Market Street, Suite 1001
Wilmington, DE 19801    Tel (302) 888-4554

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. §§ 101, et seq.
Brief description of cause: Copyright infringement and unjust enrichment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunction and money damages to be determined
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY    N/A
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  1/17/08
SIGNATURE OF ATTORNEY OF RECORD  _____ (#4684)

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-39 _____

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

# *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

1/18/08
(Date forms issued)

_Krista Camp_ (Signature of Party or their Representative)

Krista Camp
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action