IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLABS, INC., )<br>1515 Market Street, Suite 1110 )<br>Philadelphia, Pennsylvania 19102-1905 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )  Civ. Action No.  08-39<br>VOCALOCITY, INC. )<br>  (fka Vocalocity, LLC, )<br>  fka ZivVa Holdings, LLC) )<br>600 Virginia Avenue, First Floor, )<br>Atlanta, Georgia 30306 )<br> )<br>Defendant. ) | |

## COMPLAINT

Plaintiff, AppLabs, Inc., brings this action against defendant Vocalocity, Inc., and complains and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement and unjust enrichment arising from defendant's unauthorized use, reproduction and distribution of a copyrighted software program, developed and owned by plaintiff, which is used for testing software during development.

## THE PARTIES

2.      Plaintiff, AppLabs, Inc., is a Delaware corporation, with a principal place of business at 1515 Market Street, Suite 1110, Philadelphia, Pennsylvania 19102-1905. AppLabs is in the business of providing custom software development and testing for its customers.

3.      Defendant, Vocalocity, Inc. is a Delaware corporation, with a principal place of business at 600 Virginia Avenue, First Floor, Atlanta, Georgia 30306. Vocalocity, Inc. was formerly known as ZivVa Holdings, LLC. ZivVa Holdings became Vocalocity, LLC through a certificate of amendment filed with the Secretary of State of Georgia on July 3, 2007, and then, on October 10, 2007, Vocalocity LLC converted itself to a Delaware corporation, Vocalocity, Inc. For the sake of clarity, we will refer to these entities collectively as "ZivVa" for the remainder of this Complaint.

## JURISDICTION AND VENUE

4.      This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*.

5.      The Court has jurisdiction over this action by virtue of Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the Copyright Act. This Court also has supplemental jurisdiction over the claim under state law brought herein pursuant to Section 1367 of the Judicial Code, 28 U.S.C. § 1367, because it

shares a common nucleus of operative fact with, and forms part of the same case or controversy as, the claim herein arising under the Copyright Act.

6. Venue is proper in this district under Sections 1391 and 1400 of the Judicial Code, 28 U.S.C. §§ 1391, 1400.

## BACKGROUND

7. AppLabs is a global information technology services company, specializing in software development and testing services.

### APPLABS DEVELOPS SOFTWARE FOR VOCALOCITY'S USE

8. In February 2004, AppLabs entered into a professional services agreement with Vocalocity, a Georgia corporation (this Vocalocity is *not* a successor entity to ZivVa, the defendant in this case). We will refer to this corporation as "Vocalocity" for the remainder of this complaint.

9. Under the terms of the professional services agreement, AppLabs agreed to provide software consulting services to Vocalocity in the form of software testing and software development services according to the terms of various "Statement of Work" agreements with Vocalocity.

10. Pursuant to its agreements with Vocalocity, AppLabs developed a piece of testing software, referred to as "C++ Unit Test Software," to assist Vocalocity with its product development.

11. Although AppLabs provided the C++ Unit Test Software to Vocalocity in accordance with the companies' agreements, Vocalocity never paid AppLabs for the software.

### ZIVVA ACQUIRES APPLABS' SOFTWARE

12. Under the terms of an Asset Purchase Agreement dated June 26, 2006, ZivVa acquired most of Vocalocity's assets, including the C++ Unit Test software AppLabs developed for Vocalocity.

13. A schedule to the Asset Purchase Agreement describing the technology assets Vocalocity sold to ZivVa specifically lists the C++ Unit Test software and characterizes it as a "major component[]" of one of technology assets ZivVa acquired.

### COUNT I
### COPYRIGHT INFRINGEMENT

14. AppLabs repeats and realleges each of the allegations set forth above in Paragraphs 1 through 13, as if fully set forth herein.

15. The C++ Unit Test software that AppLabs developed during the course of its work for Vocalocity is an original work of authorship and constitutes copyrightable subject matter under Section 102 of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act").

16. AppLabs has complied in all respects with the Copyright Act, and has secured the rights and privileges to the copyright in its software.

17. The Register of Copyrights duly issued a certificate of registration for this copyright as "C++ Unit Test Software," registration number TXu1-339-594, with an effective date of registration of March 26, 2007.

18. AppLabs is the sole owner of all right, title and interest to all rights under copyright in the C++ Unit Test software via assignment agreement. As copyright owner, AppLabs has the sole and exclusive right to, among other things, reproduce and publicly distribute the software.

19. Upon information and belief, ZivVa has used and is continuing to use and reproduce the C++ Unit Test software. ZivVa does not have AppLabs' authorization, permission, or consent to use or reproduce the software. ZivVa's use of the C++ Unit Test software constitutes an infringement of the exclusive rights owned by AppLabs under copyright in and to the C++ Unit Test software.

20. AppLabs demanded that ZivVa cease and desist its infringement of AppLabs' rights on or about May 8, 2007, and again on or about July 24, 2007. Upon information and belief, ZivVa has not stopped its infringing activity, therefore the infringement by ZivVa of the foregoing rights under copyright owned by AppLabs is willful.

21. Unless and until ZivVa is immediately restrained and enjoined from continuing to use the C++ Unit Test software, it will continue to infringe the rights under copyright owned by AppLabs and will inflict substantial harm on AppLabs.

22.  AppLabs is suffering and continues to suffer substantial harm from the above infringing acts of ZivVa.

## COUNT II
## Unjust Enrichment

23.  AppLabs repeats and alleges each of the allegations set forth above in Paragraphs 1 through 22, as if fully set forth herein.

24.  In developing the C++ Unit Test software, AppLabs provided a benefit to Vocalocity, and, upon ZivVa's acquisition of Vocalocity's assets, to ZivVa.

25.  ZivVa accepted the benefit of AppLabs' work by acquiring Vocalocity's assets, including the C++ Unit Test software. According to the agreement by which ZivVa purchased the C++ Unit Test software, it is a "major component" of one of the technology assets ZivVa acquired.

26.  It would be inequitable for ZivVa to retain the benefit of the C++ Unit Test software without compensating AppLabs for developing the software because AppLabs has never been paid for this work.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, AppLabs, Inc., respectfully requests that this Court enter judgment against defendant Vocalocity, Inc. and prays for relief as follows:

As to Count I:

1. Declare that defendant has infringed AppLabs, Inc.'s exclusive rights conferred by the Copyright Act by using and reproducing C++ Unit Test software.

2. Issue a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, prohibiting defendant, its officers, employees, agents, servants, successors and assigns, and all persons acting on or for its behalf, from marketing, distributing, advertising, promoting, licensing, offering for sale, or otherwise commercially exploiting the C++ Unit Test software, or any other product or service that incorporates the C++ Unit Test software.

3. Award to AppLabs, Inc., under the authority of 17 U.S.C. § 504, such damages as AppLabs, Inc. has sustained and is sustaining by reason of defendant's infringement of the rights under copyright owned by AppLabs, Inc.

4. Award to AppLabs, Inc., under the authority of 17 U.S.C. § 504, all gains, profits or other advantages derived by defendant from its infringement of the rights under copyright owned by AppLabs, Inc.

5. Award to AppLabs, Inc., under the authority of 17 U.S.C. § 505, the full costs of this action and reasonable attorneys' fees.

6. Order such other and further relief as the Court deems just and proper.

PHDATA 3016899_1

As To Count II:

7.    Award to AppLabs, Inc. such damages it has sustained as a result of defendant's unjust enrichment through defendant's unauthorized possession and use of the C++ Unit Test software.

8.    Award to AppLabs, Inc. the full costs of this action and reasonable attorneys' fees.

9.    Order such other and further relief as the Court deems just and proper.

Dated: January 18, 2008

Michael J. Barrie (# 4684)
mbarrie@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 1001
Wilmington, Delaware 19801-3011
(302) 888-4554

*Attorneys for Plaintiff,*
*AppLabs, Inc.*

OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS LLP

John K. Gisleson
jgisleson@schnader.com
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, Pennsylvania 15222-3001
(412) 577-5200

Thomas W. Hazlett
thazlett@schnader.com
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2345